UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MICHAEL ORTIZ and J & J TRUCKING : 
SERVICES L.L.C., individually, and :    Civil Action No.
on behalf of all others similarly situated, :
:
   Plaintiffs, :
:
vs. :
:
FCA US LLC and JOHN DOES 1-10, :
:
   Defendants. :

---

## NOTICE OF REMOVAL

Defendant FCA US LLC, pursuant to 28 U.S.C. §§ 1441 and 1446 hereby removes this case to this Court. As set forth below, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(a) and (d).

### I. BACKGROUND

1. On or about May 7, 2021, Michael Ortiz and J & J Trucking Services L.L.C. ("Plaintiffs") filed a Class Action Complaint in the Superior Court of New Jersey, Camden County, where it is known and numbered as *Michael Ortiz and J & J Trucking Services L.L.C., individually, and on behalf of all others similarly situated v. FCA US LLC and John Does 1-10,* Case No. CAM-L-001354-21 ("the State Court Action").

2. FCA US LLC was served with process and a copy of the Class Action Complaint in the State Court Action on May 14, 2021. No other pleadings or orders have been served or entered. A copy of the docket report and filings from the State Court Action, including the Complaint, are attached hereto as Exhibit A.

A. **Allegations In The Complaint.**

3. Plaintiffs, who reside in Camden County, New Jersey, allege that on or about December 26, 2019, they purchased a new model-year 2019 Ram 5500 truck in Pennsylvania for $75,669.75. *See* Complaint, ¶¶ 1.F., 10, 36.

4. Plaintiffs allege that on or about September 8, 2020, "when the vehicle's odometer registered approximately 64,181 miles" the vehicle's "engine seized and locked up on the freeway with no signs or indication that there was something wrong with the vehicle." *Id.* at ¶ 48.

5. According to Plaintiffs, the failure was "caused by connecting rod bearing failure due to lack of oil pressure." *Id.* at ¶ 62 Plaintiffs aver the engine was "originally programmed to lower oil pressure" and due to the truck's "commercial use" and "pull[ing] heavy loads" there was "excessive wear on the engine bearings." *Id.* Plaintiffs further aver while the truck was "undergoing inspection and/or warranty repairs" they purchased a "substitute vehicle" for $73,189.78. *Id.* at ¶ 81.

6. Based on these allegations, Plaintiffs seek to bring their claims on behalf of "persons who purchased or leased a 2019 or 2020 Ram 5500 vehicle

manufactured or assembled or distributed by defendants, with the vehicle being purchased, leased or registered in New Jersey." *Id.* at ¶ 171.

7. Plaintiffs plead claims for: violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* (Count I); breach of express warranty (Count II); and breach of implied warranty (Count III). *Id.* at ¶¶ 223-269.

8. For themselves and the putative class, Plaintiffs seek to recover (a) damages, including "cost of repairs," "purchase price and/or payments paid" for the vehicles, and amounts paid for "substitute transportation"; (b) statutory refunds; (c) treble damages; (d) attorneys' fees and costs; (e) and (f) injunctive relief. *Id.* at ¶¶ 161, 163, 165, 166, 170.

**B.   Facts Relating To The Number Of Putative Class Members And The Amount In Controversy.**

9. FCA US's records reflect a total of 346 model-years 2019 to 2020 Ram 5500 trucks were purchased or leased in New Jersey.

10. According to Plaintiffs, they paid $75,669.75 for their truck. *Id.* at ¶ 36.

## II.   GROUNDS FOR REMOVAL

**A.   CAFA Jurisdiction Under 28 U.S.C. § 1332(d)(2)**

11. This Court has jurisdiction of this case under 28 U.S.C. § 1332(d)(2), which is commonly referred to as the Class Action Fairness Act ("CAFA").

12. Under CAFA, when the number of putative class members exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in

controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which ... any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

13. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 551 (2014); *see also Farrell v. FedEx Ground Package Sys., Inc.*, 478 F.Supp.3d 536, 540 (D.N.J. 2020).

14. "No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Farrell*, 478 F.Supp.3d at 540 (*citing Dart*, 135 S.Ct. at 554) (explaining a defendant who removes a case to federal court need not submit evidence proving that the amount-in-controversy requisite of CAFA jurisdiction is satisfied until and unless the plaintiff or the court challenges the defendant's position, at which point "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied").

15. Plaintiffs are citizens of New Jersey. *See* Compl., ¶ 10. FCA US, a limited liability company, is a citizen of the State of Delaware under whose laws it was organized and the State of Michigan where its principal place of business is

located. Thus, the minimal diversity requirements of CAFA are satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

16. There are more than 100 putative class members. *See* Compl., ¶ 205, *see also supra*, ¶ 9.

17. Plaintiffs paid $75,669.75 for their truck. *Id.* at ¶ 36. And, Plaintiffs claims are based on the notion that they and class members have a right to, *inter alia*, a full refund. *Id.* at ¶¶ 161, 163, 165, 166, 170. Since the value of each putative class member's claim will be in the range of $75,000, it is clear that the amount put into controversy by Plaintiffs far exceeds the sum or value of $5,000,000, exclusive of interest or costs ($75,000 x 344 vehicles = $25,950,000). Furthermore, the value of Plaintiffs' claims for treble damages and attorneys' fees must also be considered in determining the amount in controversy, making it abundantly clear that the amount-in-controversy requisite of CAFA is satisfied.

18. Because there is minimal diversity, greater than 100 putative class members, and the matter in controversy exceeds the sum of $5,000,000, this Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

19. No statutory exception to CAFA jurisdiction applies in this case.

**B.   Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

20. Alternatively, this Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332(a), under which district courts have original jurisdiction of civil

actions where the parties are of diverse citizenship and the value of the claims pleaded exceeds $75,000.

21. Complete diversity exists here because Plaintiffs are citizens of New Jersey and FCA US is a citizen of the Netherlands.

22. There is a reasonable probability that the amount in controversy in this case exceeds $75,000. Plaintiffs seek a full refund of the purchase price of their vehicle, which alone exceeds $75,000; plus, in addition to this, cost of repairs to the truck, the price paid for substitute transportation, treble damages, attorneys' fees, and injunctive relief. *See* Compl., ¶¶ 36, 161, 163, 165, 166, 170.

### III. REMOVAL IS PROPER AND TIMELY

23. This Notice of Removal is filed within thirty days of May 14, 2021, the date on which FCA US was first served with a summons and the Complaint. Thus, it is timely filed. *See* 18 U.S.C. § 1446(b)(1).

24. FCA US will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of New Jersey, Camden County, and provide written notice to all counsel of record.

25. The United States District Court for the District of New Jersey embraces the county and court in which Plaintiffs filed this case. 28 U.S.C. § 110. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, the above described action now pending against Defendant FCA US LLC in the Superior Court of New Jersey, Camden County, is removed to the United States District Court for the District of New Jersey.

Dated:  June 10, 2021                                  Respectfully submitted,

                                                     **ANSA ASSUNCAO LLP**

By:   /s/ *James S. Coons*
James S. Coons
james.coons@ansalaw.com
100 Matawan Road, Suite 410
Matawan, New Jersey 07747
Tel: (732) 993-9858
Fax:  (732) 993-9851

**THOMPSON COBURN LLP**

Stephen A. D'Aunoy (*pro hac vice to be filed*)
sdaunoy@thompsoncoburn.com
One US Bank Plaza
St. Louis, Missouri 63101
Tel: (314) 552-6000
Fax: (314) 552-7000

*Attorneys for Defendant FCA US LLC*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any action pending in any other Court or of a pending arbitration proceeding.

Dated:  June 10, 2021

*/s/ James S. Coons*
James S. Coons
**ANSA ASSUNCAO LLP**
100 Matawan Road, Suite 410
Matawan, New Jersey  07747
Tel:  (732) 993-9850
Fax:  (732) 993-9851
james.coons@ansalaw.com
*Attorneys for Defendant FCA US LLC*

## **VERIFICATION**

1. I, JAMES S. COONS, am an attorney at law of the State of New Jersey and partner in the law firm of ANSA ASSUNCAO LLP, attorneys for Defendant FCA US LLC ("Defendant") in the within matter.

2. Pursuant to Fed. R. Civ. P. 11, I certify that I have read the foregoing Notice of Removal, have personal knowledge of the above-stated facts, and am authorized to make this Verification on behalf of Defendant. To the best of my knowledge, information and belief formed after reasonable inquiry, the above-referenced Notice of Removal is well grounded in fact, is warranted by existing law, and is not interposed for an improper purpose nor filed to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

3. This Verification is being made by your deponent and not by the Defendant in order to avoid unnecessary delay and because it appeared unlikely that Defendant could render this Verification within the time prescribed for removal.

4. I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  June 10, 2021

/s/ James S. Coons
James S. Coons
**ANSA ASSUNCAO LLP**
100 Matawan Road, Suite 410
Matawan, New Jersey  07747
Tel:  (732) 993-9850
Fax:  (732) 933-9851
james.coons@ansalaw.com
*Attorneys for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 10, 2021, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ *James S. Coons*